RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/11/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SILTON J. SANDERS, JR. | DOCKET NO: 13-CV-927; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| GRANT PARISH DETENTION CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Silton J. Sanders, Jr., filed *in forma pauperis*. At the time of filing, Plaintiff was incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He has since been released. Sanders complains that he was subjected to cruel and unusual punishment and was denied proper medical care at the Grant Parish Detention Center. He names as defendants the Grant Parish Correctional Center, Teresa Grice, and Brad Sutter.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

On July 31, 2013, Plaintiff was ordered to amend and supplement his complaint within thirty days, by August 30, 2013. [Doc. #10] On August 6, 2013, that order was returned to the Clerk of Court as undeliverable. [Doc. #11] On August 8, 2013, Plaintiff called the Clerk, and a copy of the Memorandum Order [Doc. #10] was mailed to Plaintiff at his new address.

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits

dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Plaintiff was ordered to amend his complaint by August 30, 2013. Because he had a change of address, a copy fo the order was sent to Plaintiff at his new address on August 8, 2013. An additional two months have passed since that date and Plaintiff has still failed to comply with the court's order directing him to amend and supplement his complaint.

*Conclusion*

**FOR THE FOREGOING REASONS, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b) for his failure to comply with the Court's order.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may

be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 11th day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE